UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMMY L. TRIMMIER, JR., : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:20cv396(KAD) |
| : | |
| ROLAND COOK, ET AL., : | |
|     Defendants. : | |

## **INITIAL REVIEW ORDER**

**Preliminary Statement**

Plaintiff, Sammy Trimmier ("Trimmier"), currently incarcerated at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, brings this civil rights action against Commissioner Roland Cook, Program Director John Papoosha and Lieutenant John Randolph in which he challenges his placement in the Department of Correction's Security Risk Group ("SRG") Program. For the reasons to follow, the complaint is dismissed without prejudice and with leave to amend.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* In undertaking this review, the Court is obligated to "construe" complaints "liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted).

Although detailed allegations are not required under Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

**Factual Allegations**

In August 2018, prison officials placed Trimmier in the SRG Program because of a photograph that he had received in the mail and a video that he had posted on YouTube. *See* Compl., ECF No. 1, at 5 ¶ 3. On August 30, 2019, upon his readmission to Hartford Correctional Center as a pretrial detainee,[1] prison officials escorted Trimmier to a cell in the restrictive housing unit. *Id.* ¶¶ 1-2. Subsequently, prison officials at Hartford Correctional Center transferred Trimmier to another facility to be placed in the SRG Program. *Id.* Trimmier did not receive a disciplinary report for SRG affiliation or a "proper" 90-day review of his SRG status prior to his placement in the SRG Program. *Id.* ¶ 2.

Trimmier has repeatedly informed prison officials that he is not an active member of a gang. *Id.* at 6 ¶ 8. He has also verbally complained and filed grievances regarding his SRG designation. *Id.* at 5-6 ¶¶ 4-5. In response, prison officials have stated that Trimmier's SRG status will not change. *Id.* at 6 ¶ 5.

Trimmier faces "constant danger" and may face a denial of access to outside programs

---

[1] Connecticut Department of Correction's website reflects Trimmier's latest admission date as August 30, 2019 and that he remains unsentenced. *See* http://portal.ct.gov/DOC (last visited June 15, 2020). This information

because of his placement in the SRG Program.  *Id.* ¶¶ 6-7.  Trimmier has suffered physical, mental and emotional injuries and a "denial of proper legal access" during his confinement in the SRG Program.  *Id.* ¶¶ 7, 10.

**Discussion**

To state a claim under section 1983, a plaintiff must allege facts showing that the defendant, a person acting under color of state, law deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982).  Here, the complaint contains a recitation of facts related to Trimmier's placement in the SRG Program in 2018 and again in 2019 but does not specify any conduct by any of the identified defendants in connection with those factual allegations.  The named defendants appear only in the caption of the complaint and the description of parties. Further, the complaint does not identify the legal basis for the claims or clearly articulate a request for relief.

As there are no facts to suggest the involvement in or awareness of Commissioner Cook, or Program Director Papoosha or Lieutenant Randolph in Trimmier's placement in the SRG Program or the conditions to which he is exposed therein, Trimmier has not plausibly alleged that any named defendant violated his constitutionally or federally protected rights.  The complaint is dismissed without prejudice for failure to state a plausible claim upon which relief may be granted against the defendants.  *See* 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

**(1)**	The Complaint, [**ECF No. 1**], is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  The Motion for Appointment of Counsel, [**ECF No. 4**], is **DENIED** without prejudice.

---

may be accessed using Trimmier's CT DOC Inmate Number - 425900.

Because Trimmier may be able to allege facts which would state a plausible federal claim against the defendants arising out of his placement in the SRG Program in 2018 and/or 2019, the Court will allow Trimmier until **July 16, 2020** to file an amended complaint.  If he chooses to file an amended complaint, Trimmier must include facts demonstrating how each defendant was involved in the decision to place him in the SRG Program and how his placement in the Program violated his federal constitutional rights. Any amended complaint must also identify the relief sought as required by Rule 8(a)(3), Fed. R. Civ. P.  If no amended complaint is filed by **July 16, 2020**, the Clerk of the court is directed to close this case on **July 17, 2020.**

SO ORDERED at Bridgeport, Connecticut this 17th day of June 2020.

\_\_/s/_____
Kari A. Dooley
United States District Judge